UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTONIO LEE O'BANNON                                                                          PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:24-CV-331-CRS

K.C.P.C. et al.                                                                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Ron Jackson, the sole remaining Defendant in this 42 U.S.C. § 1983 case (DN 16). For the following reasons, the Court will grant the motion.

**I.**

Plaintiff, who is an involuntarily committed psychiatric patient at the Kentucky Correctional Psychiatric Center (KCPC), filed a complaint that alleged, among other things, that Defendant Jackson reads his legal mail and sometimes never brings it back to him. DN 1, PageID #: 4. On initial review of this case pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court allowed *pro se* Plaintiff to amend his claim related to his legal mail "to provide additional information . . . including whether his legal mail was opened outside of his presence, how many times Defendant Jackson read and did not return it, whether his legal mail was incoming or outgoing, and what the nature of the legal proceeding was that it related to." DN 7, PageID #: 33.

Plaintiff's amended complaint alleged that Defendant Jackson told him that it is KCPC policy "to open and read out going legal mail and incoming legal mail" and provided the dates of the three occasions that Defendant Jackson allegedly took his legal mail without bringing it back.

DN 8, PageID #: 38. On review, the Court allowed Plaintiff's legal mail claim to continue against Defendant Jackson in his individual capacity (DN 12).

## II.

To survive dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.

Citing prisoner First Amendment access-to-court cases, Defendant's motion to dismiss argues that Plaintiff fails to state a First Amendment claim because he did not allege that the confiscation of his legal mail on three occasions prejudiced or hampered his access to the courts. DN 16, PageID #: 68-69. Nor did he allege whether the mail was to or from his attorney or a court. *Id*. Defendant points out that Plaintiff also failed to explain what legal proceeding his mail

pertained to. *Id.* at PageID #: 69. Thus, Defendant argues that Plaintiff fails to state a deprivation of his right to access the courts.[1] *Id.*

In his response, Plaintiff provides the KCPC Mail Guidelines and states that he was told by KCPC staff that "they can confiscate the legal mail if they think contraband is inside the legal mail package." DN 17, PageID #: 74. The Guidelines state, in pertinent part, "You should know that staff may open and search mail going out and coming in." *Id.*

The Court agrees with Defendant that Plaintiff fails to state an access-to-court claim. Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). "The due process clause of the Fourteenth Amendment makes the First Amendment applicable to the states." *Republican Party of Minn. v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

To demonstrate a violation of the right of access to the courts an inmate must show that the alleged deprivations actually hindered his efforts to pursue a nonfrivolous legal claim.[2] *See Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). Here, Plaintiff has not alleged, despite the opportunity to amend his complaint, any actual injury demonstrating that Defendant's actions resulted in the loss or rejection of a nonfrivolous legal claim. *See Semler v. Ludeman*, No. CIV 09-0732, 2010 WL 145275, at *12–13 (D. Minn. Jan. 8, 2010) (magistrate judge recommended granting motion to dismiss a First Amendment access-to-court claim where civilly committed plaintiff did not allege actual injury such as loss or rejection of nonfrivolous legal claim).

---

[1] Defendant also argues that he is entitled to qualified immunity. Because the Court decides the motion on the issue of whether Plaintiff failed to state a claim, it does not reach the qualified immunity issue.

[2] A civilly committed plaintiff's "First Amendment claim may be analyzed under prisoner rights case law." *Williams v. Bigot*, No. 1:13-CV-00556-AWI, 2013 WL 5947618, at *2 (E.D. Cal. Nov. 4, 2013) (citing *Rivera v. Rogers*, 224 F. App'x 148, 150 (3d Cir. 2007)).

Given Plaintiff's submission of KCPC's Mail Guidelines in his response to the motion to dismiss, the Court also considers whether Plaintiff may be bringing a challenge to the Guideline allowing mail to be searched and confiscated.

The Supreme Court has held that "although an inmate has a First Amendment right to receive mail, an inmate's constitutional rights may be limited if the prison regulations are 'reasonably related to legitimate penological interests.'" *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Courts, including those in the Sixth Circuit, have applied *Turner* when analyzing claims brought by civilly committed plaintiffs alleging First Amendment violations. *See Banks v. U.S. Postal Inspection Serv.*, No. 4:18CV00596, 2018 WL 4184740, at *5 (N.D. Ohio Aug. 31, 2018) (dismissing civilly committed plaintiff's mail claim because there were no allegations from which the court could infer that "'delay' and 'obstruction' of Plaintiff's mail was not reasonably related to NEOCC's legitimate penological interests.") (citing *Turner*, 482 U.S. at 89-90; *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974)); *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012); *Rivera*, 224 F. App'x at 151 (applying *Turner* in analyzing claims of civilly committed sexually violent predators that opening of their packages violated their First Amendment rights); *Boss v. Christie*, No. CIV.A. 10-2396 JLL, 2010 WL 5068061, at *8 (D.N.J. Dec. 3, 2010) (citing cases) (citations and footnote omitted).

According to Plaintiff, KCPC mail policy allows legal mail to be confiscated if it does contain or might contain contraband.[3] However, Plaintiff does not allege that the mail in question was marked as legal mail, was free of contraband, or make any allegations from which the Court could conclude that this contraband policy would be unconstitutional. *See, e.g.*, *Rivera*, 224 F. App'x at 151 (Third Circuit upheld as constitutional a "policy allowing staff to open packages not

---

[3] The KCPC Mail Guidelines provided by Plaintiff do not contain any reference to legal mail, instead referring only to "mail."

4

marked as 'legal mail' to check for contraband[,] i.e., items either harmful to staff and residents, or detrimental to rehabilitation").

Furthermore, as the Sixth Circuit has explained:

> Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. Indeed, even mail from a legal source may have little or nothing to do with protecting a prisoner's access to the courts and other governmental entities to redress grievances or with protecting an inmate's relationship with an attorney.

*Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003). Here, although Plaintiff alleges that the mail was "legal" in nature, he does not allege that it had something "to do with protecting [his] access to the courts and other governmental entities to redress grievances or with protecting [his] relationship with an attorney." *Id*.

For the foregoing reasons.

**IT IS ORDERED** that Defendant's motion to dismiss (DN 16) is **GRANTED**.

The Court will enter a separate Order dismissing this action.

Date: April 2, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
4411.009

5